## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA SLIGH | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  DKC-16-1085 |
| | * | |
| JP MORGAN BANK, | * | |
| JEANNE B. WHITE, for Allied Mortgage Co., | * | |
| SETTLEMENT SOLUTIONS, | * | |
| HOME CALIBER, | * | |
| U.S. BANK TRUST, N.A., as Trustee for | * | |
|   LSF9 Master Participation Trust | * | |
| | * | |
| Defendants. | * | |

***

### MEMORANDUM OPINION AND ORDER

Pending are Lisa Sligh's Complaint and Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2.  The court will grant Sligh's Motion for Leave to Proceed in Forma Pauperis. ECF No. 2.

Sligh alleges she entered an agreement with Defendants based on "the interference of my Property without being properly notified of anything." ECF No. 1 at 2.  She claims that "as the trustee for the Plaintiff the Defendant[1] owed fiduciary duties" to her including verifying any contracts she made with Defendants.  *Id*.  Additionally, she claims Defendant breached their duties [sic] by failing to lookout for the American People.  *Id*.  She alleges Defendant[2] acted "in dishonor" with her by changing, selling, and modifying documents without [her] knowledge or consent.  *Id*.  As relief, she asks for damages.  Sligh does not identify the nature of her agreement with Defendants, the date they allegedly entered the property, or particularize the location of the property.  It is not clear where the property at issue is located.

---

    [1]    Sligh does not specify to which defendant she is referring.

    [2]    The individual Defendant is not specified by name.

The court recognizes that Sligh is self-represented and holds the Complaint to a less stringent standard than one drafted by an attorney, *see e.g. Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). A plaintiff who submits an inartfully pled action which contains a potentially cognizable claim should be given the opportunity to particularize the complaint in order to define issues. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984). Federal civil pleading rules provide for a minimal pleading standard to ensure that adverse party is reasonably informed of asserted causes of action such that he can file a responsive answer and prepare an adequate defense. Fed.R.Civ.P 8(a)(2). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n. 3 (2007).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 555 (2007). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561. The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Accordingly, Sligh will be granted fourteen days to supplement the Complaint to clarify her claims and allegations. She is instructed to write the above case number on any papers she files in this matter. Failure to timely comply with this order may result in dismissal of this case without prejudice for failure to state a claim upon which relief may be granted.

Accordingly, it is this 29th day of April, 2016, by the United States District Court for the District of Maryland, hereby ordered:

1. Plaintiff's application to proceed in District Court without prepaying fees or costs (ECF No. 2) BE, and the same hereby IS, GRANTED;

2. Plaintiff IS GRANTED fourteen days to supplement her complaint; and

3. The Clerk SHALL SEND a copy of this Order to Plaintiff.

/s/
DEBORAH K. CHASANOW
United States District Judge